UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00289-RJC

| HELEN HUDGINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| NANCY A. BERRYHILL, Acting | ) |  |
| Commissioner of Social Security | ) |  |
| Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 9), Defendant's Motion for Summary Judgment, (Doc. No. 11), and Plaintiff's Motion for Extension of Time of Scheduling Order Deadlines, (Doc. No. 7).

## I. BACKGROUND

### A. Procedural Background

Helen Hudgins ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application for Disability Insurance under Title II of the Social Security Act ("SSA") on October 24, 2014. (Doc. Nos. 6 to 6-1: Administrative Record ("Tr.") at 128.) Her application was denied first on March 30, 2015, (Tr. 156), and upon reconsideration on July 10, 2015, (Tr. 162). Plaintiff timely filed a request for a hearing on August 14, 2015, (Tr. 168), and an administrative hearing was held by an administrative law

judge ("ALJ") on May 3, 2017, (Tr. 182). Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 40–60.) Plaintiff requested a review of the ALJ's decision, but on August 14, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Having exhausted her administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of her social security claim in this Court.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under Sections 216(i) and 223(d) of the SSA. (Tr. 43.) To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that her disability began on September 1, 2012 due to physical and mental impairments. (Tr. 128–29.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 59.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets

---

[1] Under the SSA, 42 U.S.C. § 301 et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

2

or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 57–59.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe physical impairments,[2] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 45–51.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff has the RFC to

> perform work at the medium exertional level . . . . Can occasionally climb ladders, ropes, and scaffolds and occasionally crawl. Can

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: headaches (both tension and sinus); cerebral vasculitis, status post 2004 stroke; Chiari type 1 malformation, status post 2006 craniotomy surgery; cervical degenerative disc disease, status post C6-7 fusion; and cervical and trapezius trigger points. (Tr. 45.)

frequently climb ramps and stairs, balance, stop, kneel and crouch. Bilateral overhead reaching can be performed occasionally within the exertional level. Can occasionally be exposed to hazards associated with unprotected dangerous machinery or unprotected heights. Can concentrate, persist and maintain pace sufficient to understand, remember and carry out simple, routine tasks in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving simple work related decisions, occasional independent judgment skills, and occasional workplace changes.

(Tr. 51.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which she had previously been employed. (Tr. 56–57.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in her RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 57–59.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "Janitor, church sexton,"[3] "Auto detailer,"[4] and "Cleaner, hospital."[5] (Tr. 58.) According to the DOT, all of these jobs involve "medium work." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent her from working; consequently, Plaintiff's application for Title II benefits was denied. (Tr. 57–59.)

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final

---

[3] DOT 389.667-010, 1991 WL 673278.
[4] DOT 915.687-034, 1991 WL 687878.
[5] DOT 323.687-010, 1991 WL 672782.

decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the SSA. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner,

5

assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff alleges that the ALJ made two errors: (1) the ALJ failed to develop the record by failing to order a consultative examination; and (2) the ALJ's hypothetical questions to the VE and his related findings make it difficult, if not impossible, to engage in substantial evidence review. (Doc. No. 10, at 9, 15.)

With respect to the first alleged error, an ALJ has a duty to further develop the record only when the evidence is inadequate to make a finding as to disability. Cogar v. Colvin, No. 3:13-cv-380, 2014 WL 1713795, at *3 (W.D.N.C. Apr. 30, 2014). "To remand the ALJ's decision, the claimant must show the ALJ failed to adequately develop the record, and that such failure was prejudicial to the claimant." Id. at *2. In addition, "the regulations state that the ALJ has discretion in deciding whether to order a consultative examination." Bishop v. Barnhart, 78 F. App'x 265, 268 (4th Cir. 2003) (citing 20 C.F.R. § 404.1519a). "The regulations further provide that a consultative examination is required when the evidence as a whole is insufficient to support a decision." Brown v. Colvin, No. 2:13-cv-33, 2015 WL 6473259, at *3 (W.D.N.C. Oct. 27, 2015).

Here, Plaintiff does not provide any explanation or argument as to how or why

6

the evidence was inadequate for the ALJ to determine Plaintiff's claim. Instead, Plaintiff merely asserts that the ALJ failed to develop the record by failing to order a consultative examination. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Duckworth v. Berryhill, No. 5:15-cv-00129, 2017 WL 1528757, at *5 (W.D.N.C. Apr. 2, 2017) (quotation marks omitted). As Plaintiff has failed to offer any argument as to how the ALJ failed to adequately develop the record or how the evidence was inadequate to support a decision, the Court finds no reversible error on this ground.

With respect to the second alleged error, Plaintiff contends that the ALJ's hypothetical questions to the VE and his related findings make it difficult, if not impossible, to engage in substantial evidence review. Again, however, Plaintiff fails to provide any explanation or argument as to how the ALJ's questions and related findings preclude substantial evidence review. Instead, Plaintiff restates the ALJ's examination of the VE and related findings and then makes the conclusory assertion that such questions and findings make substantial evidence review difficult, if not impossible. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." Id. at *5. Accordingly, the Court finds no reversible error on this ground.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **DENIED**;

7

2. Defendant's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

3. Plaintiff's Motion for Extension of Time of Scheduling Order Deadlines, (Doc. No. 7), is **DENIED as moot**; and

4. The Clerk of Court is directed to close this case.

Signed: October 10, 2019

*[signature]*

Robert J. Conrad, Jr.
United States District Judge